Opinion
 

 SCOTT, J.
 

 Appellant Department of Motor Vehicles revoked respondent’s automobile dismantler’s license for various violations of the Vehicle Code regulating the activities of automobile dismantlers. (Veh. Code, §§ 11500-11520.) After the revocation of his license, respondent petitioned for a writ of mandamus requesting that the Department of Motor Vehicles be ordered to set aside its decision. The trial court found that the delay from the investigation to the accusation and to the hearing was unreasonable and without justification, and that the respondent was prejudiced thereby, and ordered the proceedings dismissed. The DMV appeals the judgment granting the writ of mandate.
 

 Respondent Peter C. Gates was doing business as an automobile dismantler in Watsonville, under the name of Buena Vista Auto Wreckers. Because of prior violations he was operating under a probationary dismantler’s license. On July 30, 1974, DMV investigators made an unannounced inspection of Gates’ office, records, wrecking yard, car inventory, and place of business. Follow-up visits were made on August 5 and 15, 1974. On August 21, 1974, a complete report was made to the DMV setting forth the details of the alleged violations which became the subject of the proceedings to revoke Gates’ dismantler’s license. The charges against respondent included his alleged failure to surrender to the DMV documents evidencing ownership and license plates of vehicles, as required by the Vehicle Code. He was also accused of falsely reporting that he had destroyed the license plates of certain vehicles and of dismantling certain vehicles without waiting for the prescribed period, as required by the Vehicle Code. He was also charged with commingling storage vehicles and dismantled vehicles, in violation of the Vehicle Code. The DMV did not commence administrative action to revoke respondent’s license until December 1, 1975. Revocation hearings were commenced March 25, 1976.
 

 
 *924
 
 The DMV investigator who inspected respondent’s yard had no independent recollection of the circumstances surrounding particular vehicles, the description of the vehicles, and violations in connection with those vehicles. His testimony was based on the report that he had prepared and filed with the department. Respondent and his wife, who was the bookkeeper for the business, could not recall the circumstances surrounding the dismantling of the particular vehicles involved. The DMV made no explanation for the delay between August 21, 1974 and December 1, 1975, in filing the accusations against respondent. During the period between December 1, 1975 and the commencement of administrative hearings in March of 1976, respondent was responsible for a 30-day delay.
 

 Dismissing the license revocation proceedings, the trial court found: “The delay from investigation to accusation to hearing was such that the DMV witnesses had no recollection of many of the events they testified to and were simply reading their records. Likewise, petitioner [Gates] and his wife had difficulty recalling the events relating to the alleged violations out of all the cars and records handled by them two years before. This unreasonable delay in commencing the proceedings made effective cross-examination of the DMV investigators impossible.” The court concluded that this delay prevented Gates from getting a fair hearing before the administrative tribunal.
 

 We find no California cases dealing directly with the subject of preaccusation delay by administrative agencies. In
 
 Steen
 
 v.
 
 City of Los Angeles
 
 (1948) 31 Cal.2d 542 [190 P.2d 937], the court held that a trial court has inherent power independent of statutory provisions to dismiss an administrative proceeding when it is not diligently prosecuted. The
 
 Steen
 
 court, however, was dealing with an unreasonable delay between the formal charge or accusation and the hearing. The delay between filing of the accusation and the commencement of the hearing in Gates’ case was only four months. Such a delay was not unreasonable, particularly as 30 days of that period were at the request of Gates himself. However, the trial court here considered the totality of the delay in its evaluation of unreasonableness and prejudice to the respondent. Over 15 months of that delay occurred between the investigation revealing the alleged wrongdoing and the accusation.
 

 The Department of Motor Vehicles cites
 
 Stebbins
 
 v.
 
 Department of Commerce
 
 (1972) 10 Ore.App. 54 [499 P.2d 350], in support of its contention that the court is without discretion to dismiss administrative
 
 *925
 
 actions because of preaccusation delays. In
 
 Stebbins,
 
 the court rejected an insurance salesman’s argument that he was denied a “speedy trial” because of a 10-month delay while the State Insurance Commission investigated a complaint against him before filing a charge. The court agreed that the investigation could have been conducted more expeditiously, but stated (at p. 353): “However, petitioner has cited no cases, nor have we found any, which invalidate an administrative decision solely on the ground that there was a period of unreasonable delay during an agency investigation that preceded the initiation of formal proceedings.” In
 
 Stebbins,
 
 however, there was no issue of prejudice resulting from the unreasonable delay. Therefore, it is not authority for appellant’s contention.
 

 A number of State Bar disciplinary proceedings suggest that the trial court properly considered the delay here. In
 
 Vaughn
 
 v.
 
 State Bar
 
 (1973) 9 Cal.3d 698, 702 [108 Cal.Rptr. 806, 511 P.2d 1158], the court held that a four-year delay between the alleged misconduct of an attorney and the initiation of formal proceedings against him, in violation of time limitations set by the Rules of Procedure of the State Bar, did not require dismissal
 
 in the absence of prejudice.
 
 That statement directly suggests that dismissal would be warranted if a party established that he was prejudiced by an unreasonable delay in initiating charges against him. (See also
 
 Lewis
 
 v.
 
 State Bar
 
 (1973) 9 Cal.3d 704, 714 [1(58 Cal.Rptr. 821, 511 P.2d 1173];
 
 Taylor
 
 v.
 
 State Bar
 
 (1974) 11 Cal.3d 424, 434 [113 Cal.Rptr. 478, 521 P.2d 470];
 
 Caldwell
 
 v.
 
 State Bar
 
 (1975) 13 Cal.3d 488, 496 [119 Cal.Rptr. 217, 531 P.2d 785].)
 

 We conclude, therefore, that the trial court has the inherent power to dismiss administrative proceedings brought to revoke a state-issued license where there has been an unreasonable delay between the discovery of the facts constituting the reason for the revocation and the commencement of revocation proceedings, and where the licensee has been prejudiced by the delay. The trial court’s determination here should be reversed only upon a showing of manifest abuse of discretion resulting in a miscarriage of justice.
 

 In none of the State Bar cases cited above was the attorney able to establish prejudice. In contrast, here the trial court made express findings that there was no reasonable explanation for the delay, and that respondent was prevented from getting a fair hearing as a result of that delay. The court found that as a result of the total delay, the memories of
 
 *926
 
 witnesses had diminished to a point where respondent could not engage in effective cross-examination. As we conclude that the trial court was justified in considering both the pre and postaccusation periods, we find no abuse of discretion in the court’s determination.
 

 Appellant next contends that even assuming the court could determine that the delay prejudiced respondent, it had a further duty to determine which administrative findings were supported by uncontradicted evidence. Appellant argues that because respondent was on probation, a single violation of the Vehicle Code constituted grounds for revocation of his license. Appellant asserts that because certain findings of the administrative agency were supported by uncontradicted evidence, the license should have been revoked despite the delay.
 

 When the findings of an administrative officer are supported by uncontradicted evidence, those findings should not be disturbed by the trial court on appeal from the administrative decision. (See
 
 Caro
 
 v.
 
 Savage
 
 (1962) 201 Cal.App.2d 530, 542 [20 Cal.Rptr. 286].) However, whether or not any findings were supported by uncontradicted evidence at the administrative hearing is irrelevant in light of the trial court’s express finding that respondent did not get a fair hearing before that administrative body. Even if some of those findings are supported by uncontradicted evidence, it may be that the state of that evidence would have been different had the delay been less.
 

 Judgment is affirmed.
 

 White, P. J., and Halvonik, J., concurred.
 

 A petition for a rehearing was denied August 10, 1979.