[No. B015947. Second Dist., Div. Five. May 19, 1986.]

STEVEDORING SERVICES OF AMERICA, Plaintiff and Appellant, v. PRUDENTIAL LINES, INC., Defendant and Respondent.

## COUNSEL

Leon A. Pinney for Plaintiff and Appellant.

Lillick, McHose & Charles, Francis J. MacLaughlin and Alan Rubin for Defendant and Respondent.

## OPINION

**EAGLESON, J.**—Plaintiff Stevedoring Services of America appeals from a judgment of dismissal entered after the trial court sustained defendant Prudential Lines's demurrer to the first amended complaint without leave to amend. The demurrer asserted that the action was barred by the statute of limitations or, alternatively, laches. We affirm.

### FACTS

On July 2, 1978, James Spright, a longshoreman, was injured while working on defendant's vessel, the *Prudential Oceanjet,* while it was docked in Long Beach Harbor. Spright was employed at the time by plaintiff's predecessor in interest, Crescent Wharf and Warehouse Company (hereinafter plaintiff).[1] As a result of the injury, plaintiff paid worker's compensation benefits to Spright under the Longshoremen's and Harbor Workers' Compensation Act (LHWCA or Act). (33 U.S.C. § 901 et seq.)

On June 29, 1979, Spright filed a complaint for personal injuries against defendant. Plaintiff received a copy of this complaint less than a year later, on March 3, 1980.

---

[1] Plaintiff Stevedoring Services alleges in its complaint that it has assumed all rights and obligations of its predecessor, Crescent Wharf and Warehouse Company.

On January 21, 1983, the United States Department of Labor issued a "Compensation Order" representing final disposition of Spright's claim against plaintiff under the LHWCA. At the time this order was issued, plaintiff already had paid Spright almost $65,000 in disability benefits.

On December 19, 1983, plaintiff filed a complaint against defendant to recover the benefits paid to Spright. Defendant's subsequent demurrer was sustained with leave to amend.

On November 2, 1984, plaintiff filed an "Amended Complaint for Indemnity and Compensation Benefits." The first cause of action alleged, inter alia, that defendant's negligence proximately caused Spright's injuries and obligated plaintiff to pay Spright benefits under the LHWCA. In the second cause of action, plaintiff alleged that it paid these benefits as a result of defendant's breach of contract.

Defendant demurred, asserting that the first cause of action was barred by the one-year statute of limitations on personal injury actions (Code Civ. Proc., § 340, subd. (3)), and that the second cause of action was barred by the four-year period for breach of contract actions (Code Civ. Proc., § 337, subd. (1)). Alternatively, defendant argued that the action was barred by the doctrine of laches.

The trial court sustained the demurrer without leave to amend "on the grounds stated in the moving papers . . . ."

ISSUES

We consider whether plaintiff's action arises under general maritime law and, if so, whether it is barred by the federal doctrine of laches.

DISCUSSION

I

State courts have concurrent jurisdiction with federal courts over claims arising under the LHWCA and general maritime law. (28 U.S.C. § 1331; *Madruga* v. *Superior Court* (1954) 346 U.S. 556, 560-561 [98 L.Ed. 290, 296, 74 S.Ct. 298]; *Stance* v. *Jackson* (1984) 155 Cal.App.3d 838, 843-844 [202 Cal.Rptr. 480].) When adjudicating such claims, the state court must preserve the substantive admiralty rights of the litigants by applying federal law as it would be applied in federal court. (*Fahey* v. *Gledhill* (1983) 33 Cal.3d 884, 887 [191 Cal.Rptr. 639, 663 P.2d 197];

*Longfellow* v. *Presidente Miguel Aleman* (1974) 36 Cal.App.3d 508, 513 [111 Cal.Rptr. 643].)

Alluding to these principles, plaintiff contends that since the complaint alleges general "maritime" claims, the trial court erred in not applying the "federal doctrine of laches." In response, defendant also relies on federal law. However, defendant cites nonmaritime and non-LHWCA cases which, in the absence of a federal statute of limitations, have applied the relevant state statute to claims arising under various congressional acts.[2] Defendant theorizes that the same result is warranted here because plaintiff's action arises under the LHWCA.

■  We begin by ascertaining the source of plaintiff's claims. An employer's only remedy against a negligent shipowner under the LHWCA is contained in section 33(b) of the Act. This section provides that under certain limited circumstances an employer who pays compensation benefits is subrogated to the injured employee's cause of action against negligent third parties.[3]

■  Yet statutory subrogation is not the employer's exclusive remedy. In *Marine Terminals* v. *Shipping Co.* (1969) 394 U.S. 404, 413 [22 L.Ed.2d 371, 379, 89 S.Ct. 1144], the court observed that the LHWCA is concerned only with the employer-employee relationship and "does not affect independent relationships between the stevedoring contractor and the shipowner." In particular, the court held that "federal maritime law" imposes upon "the shipowner a duty to the stevedoring contractor of due care . . . and . . . recognize[s] a direct action in tort against the shipowner to recover the amount of compensation payments occasioned by the latter's negligence." (*Id.*, at pp. 416-417 [22 L.Ed.2d at pp. 381-382].) This tort cause of action is not created expressly or impliedly by the LHWCA, nor does it depend upon any statutory obligations between the employer and shipowner. (*Lowe* v. *Ingalls Shipbuilding, a Div. of Litton* (5th Cir. 1984) 723 F.2d 1173, 1182.)

■  Here, plaintiff's two claims arise under general maritime law, not under the LHWCA. The first cause of action states that as a result of

---

[2]Defendant cites *Chevron Oil Co.* v. *Huson* (1971) 404 U.S. 97 [30 L.Ed.2d 296, 92 S.Ct. 349], which concerns the Outer Continental Shelf Lands Act (43 U.S.C. § 1331 et seq.) and *Auto Workers* v. *Hoosier Corp.* (1966) 383 U.S. 696 [16 L.Ed.2d 192, 86 S.Ct. 1107], which concerns the Labor Management Relations Act (29 U.S.C. § 141 et seq.).

[3]Section 33(b) automatically assigns the employee's cause of action against a third party to the employer if the employee does not commence an action against the third party within six months of accepting compensation under an administrative order. (33 U.S.C. § 933(b).) Any cause of action by or on behalf of the employee against the shipowner is limited to negligence. (33 U.S.C. § 905(b).)

defendant's negligence, Spright was injured while working as a longshore-man on defendant's vessel; that the injury occurred while the vessel was in navigable waters; and that plaintiff thereby became obligated to pay benefits to Spright under the LHWCA. These allegations constitute a *Burnside* cause of action, and are governed by maritime law. (*Lowe* v. *Ingalls Shipbuilding, supra,* 723 F.2d at p. 1183.) Plaintiff's second cause of action for breach of a stevedoring contract also falls within admiralty jurisdiction. (*American Stevedores* v. *Porello* (1946) 330 U.S. 446, 456 [91 L.Ed. 1011, 1020, 67 S.Ct. 847].) Nowhere in the complaint does plaintiff allege a cause of action as subrogee to Spright's rights under section 33(b) of the LHWCA.

## II

■　The next issue is the proper measure of timeliness for plaintiff's admiralty claims. As the parties have indicated, no federal statute governs this action. The doctrine of laches therefore applies. (*Sea Quest Marine, Inc.* v. *Cove Shipping, Inc.* (W.D.Wash. 1979) 474 F.Supp. 164.)[4]

In order to prevail on a laches defense, the defendant must establish the existence of inexcusable delay in bringing the action and resultant prejudice to the defense. (*McCune* v. *F. Alioto Fish Co.* (9th Cir. 1979) 597 F.2d 1244, 1249.) However, if the complaint reveals that the analogous statute of limitations has run, the burden is on the plaintiff to plead facts showing that exceptional circumstances prevented earlier action. The plaintiff also must rebut the presumption that defendant has been prejudiced by the delay. (*Brown* v. *Kayler* (9th Cir. 1959) 273 F.2d 588 at pp. 591-592; *Ortega* v. *Compagnie Generale Transatlantique* (S.D.Cal. 1966) 258 F.Supp. 430, 431.) Above all, the delay which will defeat the plaintiff's action depends upon the particular equitable circumstances of the case. (*Czaplicki* v. *The Hoegh Silvercloud* (1956) 351 U.S. 525, 533 [100 L.Ed. 1387, 1395, 76 S.Ct. 946].)

■　As to the plaintiff's first cause of action, the parties agree that California's one-year statute (Code Civ. Proc., § 340, subd. (3)) provides the relevant guideline. However, they disagree on when the statute begins to run. Plaintiff relies on the general rule that an indemnity cause of action accrues when a party suffers actual loss by paying damages caused by the conduct of another person. Plaintiff therefore insists that the statutory period began when the compensation order was issued less than a year before this suit was filed. Yet defendant cites *County of San Diego* v. *Sanfax Corp.*

---

[4]*Sea Quest Marine, supra,* held that laches determined the timeliness of the precise action involved here—an employer's suit against a negligent shipowner to recover compensation paid to an employee under the LHWCA.

(1977) 19 Cal.3d 862 [140 Cal.Rptr. 638, 568 P.2d 363] for the proposition that the statute began when Spright was injured, which occurred over five years before plaintiff filed suit.

*Sanfax* held that an employer's cause of action against a third party tortfeasor to recover benefits paid under the state worker's compensation scheme accrues at the time of the employee's injury. This holding rested upon the "statutory framework" which "reveal[ed] a legislative design that employer and employee claims against third parties be brought in parallel lines." (*Id.*, at p. 869.) Given the unique procedural and substantive interchangeability of these two actions, the court reasoned that it was not unfair to have the one-year limitation period begin at the same time for both the employer and employee. (*Id.*, at p. 884.)

We need not decide whether the *Sanfax* rule applies to the maritime tort claim involved here. The reason is that laches may bar the right to indemnification even though liability on the primary debt has not been determined. (*Vollmar Bros. Const.* v. *Archway Fleeting & Harbor* (E.D.Mo. 1984) 596 F.Supp. 112, 117; *Avondale Shipyards, Inc.* v. *Vessel Thomas E. Cuffe* (E.D.La. 1977) 434 F.Supp. 920, 934.) In *Avondale,* for example, the court came to this conclusion without deciding whether the analogous state limitations period had run. The court observed that waiting for liability to be determined on the primary claim "would mean a resumption of inquiries into the facts when they are approaching an age for historical, rather than judicial inquiry." (*Ibid.*) The delay in filing suit was made all the more "unreasonable" by the fact that the party seeking indemnification was aware of defendant's potential liability long before suit was ever brought. (*Ibid.*)

Similar equitable considerations are present here. The action was not brought for more than five years after Spright's injury. Yet plaintiff received Spright's complaint for personal injuries and was put on notice of defendant's potential liability three and one-half years before filing suit. Additionally, by the time the compensation order was issued, plaintiff already had incurred substantial loss in the form of benefits paid to Spright. There are no allegations in the amended complaint excusing this delay even though plaintiff had two opportunities to plead such facts.

The same conclusion must be drawn concerning the second cause of action for breach of contract. The fact that the four-year limitation period had expired appears on the face of the complaint. No allegations rebut the presumption of inexcusable delay and detriment, and there are no facts in the record to suggest plaintiff could do so if given another opportunity.

## DISPOSITION

The judgment is affirmed.

Feinerman, P. J., and Hastings, J., concurred.

A petition for a rehearing was denied June 13, 1986, and appellant's petition for review by the Supreme Court was denied August 13, 1986.