*327
 
 Opinion
 

 ORTEGA, J.
 

 Appellant Little Company of Mary Hospital (Hospital) provides inpatient services under the California Medical Assistance Program (Medi-Cal). The Hospital unsuccessfully sought a writ of mandate to direct respondent Director of the California Department of Health Services (Department) to rescind as untimely the revised final settlement of the Hospital’s Medi-Cal reimbursement for the 1984 fiscal year. We affirm the judgment.
 

 Background
 

 The method by which the Department reimburses Medi-Cal hospital providers is explained in detail in
 
 Robert F. Kennedy Medical Center
 
 v.
 
 Belshé
 
 (1996) 13 Cal.4th 748, 751-752 [55 Cal.Rptr.2d 107, 919 P.2d 721]
 
 (Kennedy).
 
 Briefly stated, Medi-Cal hospital providers receive interim estimated payments of Medi-Cal reimbursement during each fiscal year, with retroactive adjustments occurring at the end of each fiscal year when actual costs are known. (Cal. Code Regs., tit. 22, §51536, subds. (c)(2) & (d).)
 
 [1]
 
 Within four months of the end of each fiscal year, the hospital submits a cost report based on actual costs. (42 C.F.R. § 413.24(f)(2) (1996).) The Department makes a tentative settlement based on the hospital’s unaudited cost report, making additional payments to the hospital if warranted. Following an audit which must be completed within three years (Welf. & Inst. Code, § 14170, subd. (a)(1)), the Department issues a final audit report and settlement.
 

 In calculating the final settlement, the Department reconciles the interim payments with the maximum amount reimbursable by law. In general, the maximum amount reimbursable by law does not exceed the amount of interim payments. “[U]sually the most favorable final settlement that may be obtained by a provider is a determination that the Department is not entitled to recoup any moneys previously paid to the provider.”
 
 (Kennedy, supra,
 
 13 Cal.4th at p. 754.)
 

 In this case, the Department audited the Hospital’s cost report within three years, but issued a revised final settlement about six years after the cost report was filed. The relevant dates are as follows: The Hospital timely filed
 
 *328
 
 its cost report on October 26, 1984, within four months of the close of its fiscal year. (42 C.F.R. § 413.24(f)(2) (1996).) The Department audited the Hospital’s cost report and issued a final settlement within three years under Welfare and Institutions Code section 14170. On July 30, 1990, the Department issued a revised final settlement which stated the interim payments for 1984 had exceeded the maximum amount reimbursable by law by $550,261.62 (later reduced by administrative appeal to $189,289.96).
 

 The Hospital filed an administrative appeal contending, among other things, the Department’s revised final reimbursement determination was barred by the three-year limitations period of Code of Civil Procedure section 338, subdivision (a). The hearing officer ruled against the Hospital on this point, and the Hospital filed a petition for writ of mandate. The Hospital appealed from the judgment denying the petition.
 

 Discussion
 

 Welfare and Institutions Code section 14170, subdivision (a)(1) allows the Department three years to audit a hospital provider’s cost report. In general, if the audit is not conducted within that time, the hospital’s figures will be deemed true and correct: “Cost reports and other data submitted by providers to a state agency for the purpose of determining reasonable costs for services or establishing rates of payment shall be considered true and correct unless audited or reviewed by the department. . . within three years after the close of the period covered by the report, or after the date of submission of the original or amended report by the provider, whichever is later.”
 
 [2]
 
 (Welf. & Inst. Code, § 14170, subd. (a)(1).)
 

 The three-year audit period is not a statute of limitations. The California Supreme Court recently held in
 
 Kennedy,
 
 a case arising from this appellate district, that Welfare and Institutions Code section 14170, subdivision (a)(1) does not impose a three-year limitations period upon the Department to reach a final reimbursement determination. “Instead, the time limitation establishes only that the provider’s cost report data shall be considered true and correct unless audited by the Department within three years.” (Kennedy,
 
 supra,
 
 13 Cal.4th at p. 760.) In so ruling, the Supreme Court agreed with the similar conclusion of Division Four of this district in
 
 *329
 

 Palmdale Hospital Medical Center
 
 v.
 
 Department of Health Services
 
 (1992) 8 Cal.App.4th 1306, 1308 [10 Cal.Rptr.2d 926]. The Supreme Court remanded
 
 Kennedy
 
 to the appellate court with instructions to decide, in the first instance, whether any limitations periods contained in the Code of Civil Procedure governed the Department’s final reimbursement determination.
 
 (Kennedy, supra,
 
 13 Cal.4th at p. 760.) We face the identical issue in this appeal.
 

 The Hospital contends the Department is barred from seeking reimbursement by one of the following statutes of limitations contained in the Code of Civil Procedure: (1) the three-year statute for “action upon a liability created by statute” (§ 338, subd. (a)); (2) the three-year statute for “action for relief on the ground of . . . mistake” (§ 338, subd. (d)); (3) the four-year statute for action to recover “upon a book account” (§ 337, subd. 2.(1)); or (4) the four-year statute for action “for relief not hereinbefore provided for” (§ 343).
 

 Statutes of limitations found in the Code of Civil Procedure, however, do not apply to administrative actions.
 
 (Bernd
 
 v.
 
 Eu
 
 (1979) 100 Cal.App.3d 511, 515 [161 Cal.Rptr. 58] [statutes of limitations inapplicable to administrative agency disciplinary proceedings].) Instead, they apply to the commencement of civil actions and civil special proceedings (Code Civ. Proc., §§ 22, 312, 363), which this was not. The revised final reimbursement determination was not a civil action or proceeding commenced by the Department to recover the overpayment. Accordingly, the revised final reimbursement determination is not governed by a statute of limitations contained in the Code of Civil Procedure.
 
 [3]
 

 
 *330
 
 Disposition
 

 The judgment is affirmed. The Department is awarded its costs on appeal.
 

 Spencer, P. J., and Masterson, J., concurred.
 

 Appellant’s petition for review by the Supreme Court was denied May 28, 1997.
 

 [1]
 

 Reimbursement is calculated at the lesser of (1) customary charges, (2) allowable costs, or (3) the “[a]ll-inclusive rate per discharge,” a hospital-specific rate updated annually based on information provided by the hospital and external market indicators. (Cal. Code Regs., tit. 22, § 51536, subd. (a).) In addition, the reimbursement may not exceed the 60th percentile rate per discharge of the peer group to which a hospital has been assigned. (Cal. Code Regs., tit. 22, § 51539, subd. (b).)
 

 [2]
 

 There are three exceptions to the three-year limitation: “Nothing in this section shall be construed to limit the correction of cost reports or rates of payment when inaccuracies are determined to be the result of intent to defraud, or when a delay in the completion of an audit is the result of willful acts by the provider or inability to reach agreement on the terms of final settlement.” (Welf. & Inst. Code, § 14170, subd. (a)(2).)
 

 [3]
 

 Northrop Aircraft
 
 v.
 
 Cal Emp. etc. Com.
 
 (1948) 32 Cal.2d 872 [198 P.2d 898]
 
 (Northrop),
 
 cited by the Hospital, does not compel a different result.
 
 Northrop,
 
 a state Unemployment Insurance Act case, involved the setting of an employer’s contribution rate, on a calendar year basis, by the state commission overseeing the program. In December 1943, the commission determined that Northrop’s contribution rate for the 1943 calendar year should have been higher. Accordingly, the commission issued an amended notice of increase for the 1943 calendar year without affording Northrop a hearing. Northrop paid the increased rate under protest and filed a civil refund action within the 60-day limitation period contained in the act. The trial court ruled in favor of Northrop, and the commission appealed. The California Supreme Court affirmed, concluding the commission had exceeded its power by retroactively increasing Northrop’s contribution rate for 1943. Such increases, the high court ruled, “must be exercised at least during the rating period to be affected thereby, with notice and opportunity to be heard also within that period (which undeniably were not given), else no force could be accorded any purported change in the contribution rate.”
 
 {Northrop, supra,
 
 32 Cal.2d at p. 877.)
 

 In this case, we are bound by the California Supreme Court’s holding in
 
 Kennedy, supra,
 
 13 Cal.4th at page 760, that the three-year audit period of Welfare and Institutions Code section
 
 *330
 
 14170, subdivision (a)(1) does not impose a limitations period upon the Department to reach a final reimbursement determination. Accordingly, the
 
 Northrop
 
 decision has no bearing upon our analysis.
 

 As framed by the parties’ briefs on appeal, the sole issue is whether any limitations periods contained in the Code of Civil Procedure governed the Department’s final reimbursement determination. While the Hospital mentions that “the doctrine of laches does not provide a reasonable alternative to the applicability of a statute of limitations” (capitalization omitted), it does not ask us to decide whether the Department may be barred by laches from issuing a delayed final reimbursement determination. The issue of laches was apparently mentioned, not in the Hospital’s petition below, but in passing by the trial court as having possible application to this case. Because the issue is not properly before us, we do not decide whether laches applies.