[No. B124368. Second Dist., Div. Three. Sept. 29, 1999.]

FOUNTAIN VALLEY REGIONAL HOSPITAL AND MEDICAL
CENTER, Plaintiff and Appellant, v.
DIANA BONTA´, as Director, etc., Defendant and Respondent.

COUNSEL

Hooper, Lundy & Bookman and Patric Hooper for Plaintiff and Appellant.

Bill Lockyer, Attorney General, Robert L. Mukai, Chief Assistant Attorney General, Charlton G. Holland III, Assistant Attorney General, John H. Sanders and Karen L. Fried, Deputy Attorneys General, for Defendant and Respondent.

OPINION

**CROSKEY, Acting P. J.**—Fountain Valley Regional Hospital and Medical Center, a California corporation (Hospital), appeals from a judgment which denied its petition for administrative mandamus relief (Code Civ. Proc., § 1094.5). Hospital sued the Director of the California State Department of Health Services (the Department) to prevent the Department from assessing Medi-Cal liabilities against Hospital (refunds of money previously paid to Hospital by the state) for fiscal years 1981, 1982 and 1983.[1] The liabilities pertain to services previously rendered by Hospital to its Medi-Cal patients.

---

[1] "Medi-Cal" is the name given to California's system for administering the federal government's Medicaid program, which provides financial assistance to states so that they may furnish health care to qualified indigent persons. (Welf. & Inst. Code, § 14000 et seq.; 42 U.S.C. § 1396 et seq.) The Department is the state agency charged with administering the Medi-Cal program.

These liabilities are in excess of $470,000, and were not assessed against Hospital until September 1994. Although Hospital admits that the money sought to be reclaimed by the Department consists of "mistaken payments made to [Hospital]," Hospital contends the Department's delay in assessing the liabilities is unreasonable and prejudicial, and therefore the doctrine of laches precludes the assessment.

The trial court ruled that while Hospital may indeed have a just claim of laches against the Department, Hospital would not prevail in this mandamus action because it had not presented evidence, at the administrative hearing which was held to try to resolve this matter, to support its laches claim. The court stated that Hospital had not "cite[d] the court to any portion of the administrative record which presents evidence of unreasonable delay and resulting prejudice. Instead, [Hospital] contend[ed] that it did not have to produce such evidence because both such elements are presumed."

Although the trial court rejected Hospital's contention that the elements of laches are presumed from the facts of this case, we find Hospital's position is well taken. Whether Hospital demonstrated prejudice and unreasonable delay to the administrative law judge is not a controlling issue in this appeal. As discussed below, because Hospital may rely upon a limitations period "borrowed" from an analogous statute of limitations, and because the Department exceeded that period when it issued its 1994 notices claiming entitlement to a refund of money, a presumption arose that the delay in the issuance of those notices was unreasonable, and that Hospital had been prejudiced by that delay. Therefore, the Department has the burden of rebutting that presumption at the administrative hearing. If the Department cannot meet that burden of proof, it cannot recover on its refund claim.

We therefore reverse the judgment and direct the trial court to remand the case for further consideration by the administrative law judge, who shall determine whether the Department met its burden of proof at the administrative hearing.[2]

### BACKGROUND OF THE CASE

1. *The Department's System for Reimbursing Hospitals Which Provide Services to Medi-Cal Patients*

The Medi-Cal program provides a variety of health care services for its recipients, including inpatient hospital care. Throughout a fiscal year, the

---

[2]The Department demurred, on statute of limitations grounds, to Hospital's Code of Civil procedure section 1094.5 petition. The trial court overruled the demurrer, and the Department has not challenged that decision by filing an appeal or cross-appeal from the judgment. We therefore decline to address the Department's appellate assertion that its demurrer should have been sustained.

Department makes interim Medi-Cal reimbursement payments to a hospital (based on the hospital's historical rate of Medi-Cal reimbursement) so that the hospital has sufficient cash flow to continue to service Medi-Cal patients. Following the close of a hospital's fiscal year, the hospital presents a cost report to the Department which sets forth the actual cost of its Medi-Cal services. After a hospital submits its cost report to the Department, the Department uses the unaudited cost report to make a tentative settlement of money owed the hospital for its Medi-Cal services. If the interim payments made to the hospital appear to be exceeded by the amount which the cost report shows should be reimbursed to the hospital by the Department, the Department will make an additional payment to the hospital. When a final audit report and settlement (which determines the hospital's allowable Medi-Cal costs for services to Medi-Cal patients for the pertinent fiscal year) is made, the Department then determines the hospital's all-inclusive rate per discharge and its peer group limit (Cal. Code Regs., tit. 22, §§ 51536 & 51539), and arrives at a *"final reimbursement settlement"* of the Medi-Cal reimbursement amount which was due the hospital for the relevant fiscal year. This sum represents the Department's total reimbursement liability. Thereafter, the hospital itself will be charged with a liability if the Department determines too much money was paid to the hospital, during a fiscal year, as reimbursement for the hospital's services to Medi-Cal patients. (*Robert F. Kennedy Medical Center* v. *Belshé* (1996) 13 Cal.4th 748, 753-754 [55 Cal.Rptr.2d 107, 919 P.2d 721] (*Kennedy Medical Center*).)

Absent certain circumstances, section 14170 of the Welfare and Institutions Code (§ 14170) gives the Department three years to audit or review the accuracy of a hospital's cost report data after it is submitted by the hospital, and if this time limit is not met, the cost report data will be considered true and correct. (*Kennedy Medical Center, supra*, 13 Cal.4th at pp. 750, 760.) However, the Department is not limited by this time constraint in its *utilization* of the cost report data to ultimately arrive at a final reimbursement settlement amount. (*Ibid.*)[3]

---

[3]In *Kennedy Medical Center*, the plaintiff hospital submitted its cost reports for fiscal years ending December 31, 1982, 1983 and 1985, and thereafter, within the statutory three-year limit of section 14170, the Department issued its final audit reports and settlements for those fiscal years. Then, in July 1990, the Department issued its notice of final reimbursement settlements for the subject fiscal years, and by such settlements, sought to recoup from the plaintiff hospital substantial overpayments of Medi-Cal reimbursement money which had been paid to the hospital on an interim basis for each of the three fiscal years. An administrative hearing was held and the Department rejected the hospital's claim that the 1990 final reimbursement settlements were invalid because they were not issued within section 14170's three-year period. The hospital sued the Department under Code of Civil Procedure section 1094.5, asking the trial court to order the Department to rescind the final

## 2. *The Department's Final Reimbursement Settlements in the Instant Case*

On January 10, 1985, the Department issued its final reimbursement settlement for Hospital's fiscal year ending October 31, 1981. On August 21, 1985, the Department issued its final reimbursement settlement for Hospital's fiscal year ending October 31, 1982. On October 10, 1989, the

---

reimbursement settlements, citing section 14170 and Code of Civil Procedure section 338, subdivision (a), which provides for a three-year statute of limitations on an action based "upon a liability created by statute, other than a penalty or forfeiture."

As noted above, the *Kennedy Medical Center* court rejected the notion that section 14170's three-year provision precluded the Department from recouping the excess reimbursement payments. (*Kennedy Medical Center, supra,* 13 Cal.4th at pp. 750, 760.) However, the court declined to decide the question whether statute of limitation periods in the Code of Civil Procedure (such as section 338, which was relied on by the plaintiff hospital) are applicable to the case, because the Court of Appeal had not addressed that issue when the case was before it. (13 Cal.4th at p. 760.) The *Kennedy Medical Center* court remanded the case back to the Court of Appeal for further proceedings on that issue. In a January 1997 unpublished opinion, the Court of Appeal took up this remanded question and held that Code of Civil Procedure statutes of limitation relate to judicial proceedings but not to administrative proceedings, such as that involved in the Department's administration of Medi-Cal statutes and regulations. (Accord, *Little Company of Mary Hospital* v. *Belshé* (1997) 53 Cal.App.4th 325, 329 [61 Cal.Rptr.2d 626], which held that the statutes of limitation in the Code of Civil Procedure apply to the commencement of civil actions and civil special proceedings but not to administrative proceedings [Code Civ. Proc., §§ 22, 23, 312 & 363].)

The *Kennedy Medical Center* court also rejected the hospital's argument that a long delay in a final resolution of a hospital's Medi-Cal reimbursements for a fiscal year is per se harmful to the hospital. The hospital had argued that when there is such a delay "the uncertainty as to large contingent claims hampers financial planning necessary for successful business operations." (*Kennedy Medical Center, supra,* 13 Cal.4th at p. 760.) The court stated this situation is one for the Legislature to resolve. (*Ibid.*) The court observed that when there is a delay in a final reimbursement settlement, the usual result is that a hospital has to repay monies to the Department, not that the Department owes money to the hospital. Therefore, said the court, the hospital will not have had money withheld from it due to the Department's delay, and will actually have had the interest-free use of government funds for the time of the delay. (At pp. 759-760.)

The *Kennedy Medical Center* court did not expressly state there are no statutes which place a time limit on how long the Department can take to issue its final reimbursement settlement. Moreover, the court stated that the doctrine of laches may, under appropriate circumstances, bar the Department's claim against a Medi-Cal provider. We observe that the Department itself recognizes there are occasions when the doctrine of laches may be appropriately applied. The appellate record in the instant case contains a letter from the Department to this court respecting a prior case, *Palmdale Hospital Medical Center* v. *Department of Health Services* (1992) 8 Cal.App.4th 1306 [10 Cal.Rptr.2d 926]. In that letter, the Department acknowledged the possibility that laches may be applied to prevent the Department from issuing a final reimbursement settlement to a Medi-Cal provider.

Department issued its final reimbursement settlement for Hospital's fiscal year ending October 31, 1983.[4]

Then, on September 16, 1994, nearly 10 years after the issuance of its final reimbursement settlement for Hospital's fiscal year ending October 31, 1981, the Department issued *revised* final reimbursement settlements for that fiscal year and for fiscal years 1982 and 1983. The Department's stated reason for the revision was that the Department had discovered a calculation error in the final reimbursement settlements for those years. The revised final reimbursement settlements sought to recoup from Hospital a total of $1,265,440 of the reimbursement money the Department had paid to Hospital for those three fiscal years.

Hospital requested an administrative adjustment to the revised final reimbursement settlements, and in a letter to the Department asserted that the delay in producing *truly* final reimbursement settlements created "an unreasonable burden of proof for the Hospital to justify costs in excess of [its allowable peer group rate]." Moreover, explained Hospital, "[t]he principal firm which previously assisted [Hospital] in these matters has ceased to exist, pertinent documents and files were unavailable at the Hospital, and unobtainable from the State in a timely manner despite repeated requests."

In October 1996 the parties reached an administrative adjustment settlement whereby the Department would recoup $470,571 for the three fiscal years in question unless it was determined, by an administrative hearing, that a statute of limitations or the doctrine of laches prevents the Department from recouping the money. In February 1997 the administrative law judge (ALJ) issued her proposed decision whereby Hospital would be denied relief. On the issue of laches, the ALJ stated Hospital had failed to show that the Department's revision of the final reimbursement settlements had caused Hospital "injury, surprise, prejudice, or substantial harm." The decision was adopted by the Department in March 1997.

Hospital filed this administrative mandamus action in September 1997. In its petition for relief, Hospital asserted that due in part to the passage of time, it was not able to present evidence to reduce its remaining liabilities below the $470,571 settlement figure. In March 1998, the court signed and filed its judgment in favor of the Department. Thereafter, Hospital filed this appeal.

---

[4]Hospital does not claim the Department failed to timely conduct an audit/review of the Hospital's cost reports and data for any of those fiscal years.

## Issue Raised by This Appeal

This appeal raises the following issue. At the administrative hearing, who had the burden of proof on the question as to whether the Department is precluded by the doctrine of laches from assessing Medi-Cal liabilities against Hospital for fiscal years 1981, 1982 and 1983? Putting it in the context of the specific facts before us, was Hospital required to demonstrate that the Department unreasonably delayed its revision of the final reimbursement settlements, with resulting prejudice to Hospital? Or do the facts warrant the conclusion that unreasonable delay and prejudice are presumed in this case (because of the length of time which elapsed between the Department's issuance of its original final reimbursement settlements and its issuance of the revised final reimbursement settlements), and therefore the Department had the burden of rebutting that presumption?

## Discussion

### 1. *Standard of Review*

■ Resolution of this burden of proof issue turns on matters of law, not fact. Therefore, we exercise our independent judgment and review the trial court's decision de novo. (*Evans* v. *Unemployment Ins. Appeals Bd.* (1985) 39 Cal.3d 398, 407 [216 Cal.Rptr. 782, 703 P.2d 122].)

### 2. *The Doctrine of Laches as Applied to Administrative Proceedings*

■ Citing *Steen* v. *City of Los Angeles* (1948) 31 Cal.2d 542 [190 P.2d 937] and *Gates* v. *Department of Motor Vehicles* (1979) 94 Cal.App.3d 921 [156 Cal.Rptr. 791], the *Kennedy Medical Center* court stated that "[u]nder appropriate circumstances, the defense of laches may operate as a bar to a claim by a public administrative agency, such as the Department, *if the requirements of unreasonable delay and resulting prejudice are met.*"[5] (*Kennedy Medical Center, supra,* 13 Cal.4th at p. 760, fn. 9, italics added.) We observe that the elements of unreasonable delay and resulting prejudice may be "met" in two ways. First, they may be demonstrated by the evidence

---

[5] In *Gates* there was a delay of 15 months between the Department of Motor Vehicles' investigation of plaintiff's business and its initiation of an administrative action against the plaintiff. That was followed by a three-month delay in commencing the administrative hearing. The trial court determined there was no reasonable explanation for the delays, and found that plaintiff was prejudiced by them. The reviewing court affirmed.

In *Steen*, the plaintiff asserted a prejudicial failure to hold and complete an administrative hearing regarding his discharge from employment. However in that case, it was the plaintiff's own responsibility to pursue the administrative hearing, which he did not do.

in the case, and the person arguing in favor of a finding of laches has the burden of proof on the laches issue. Second, the element of prejudice may be "presumed" if there exists a statute of limitations which is sufficiently analogous to the facts of the case, and the period of such statute of limitations has been exceeded by the public administrative agency in making its claim. In the second situation, the limitations period is "borrowed" from the analogous statute, and the burden of proof shifts to the administrative agency. To defeat a finding of laches the agency, here the Department, must then (1) show that the delay involved in the case (such as the Department's delay between issuing the original final reimbursement settlements and the assertion of the *revised* settlements) was excusable, and (2) rebut the presumption that such delay resulted in prejudice to the opposing party. (*Brown* v. *State Personnel Bd.* (1985) 166 Cal.App.3d 1151, 1158-1161 [213 Cal.Rptr. 53];[6] accord, *Stevedoring Services* v.·*Prudential Lines, Inc.* (1986) 181 Cal.App.3d 154, 158, 160 [226 Cal.Rptr. 225] [applied federal law respecting the doctrine of laches]; *Robert F. Kennedy Medical Center* v. *Department of Health Services* (1998) 61 Cal.App.4th 1357, 1362 [72 Cal.Rptr.2d 180] [addressed a different fiscal year than those addressed by the Supreme Court in *Kennedy Medical Center*; the court determined the period of the analogous statute of limitations (the four-year period for actions on a written contract) had not been exceeded by the Department].)

Thus, "[i]n cases in which no statute of limitations directly applies [such as administrative proceedings] but there is a statute of limitations governing an analogous action at law, the period may be borrowed as a measure of the outer limit of reasonable delay in determining laches. [Citations.] Whether or not such a borrowing should occur depends upon the strength of the analogy." (*Brown* v. *State Personnel Bd.*, *supra*, 166 Cal.App.3d at pp. 1159-1160.)[7]

### 3. *The Trial Court's Rejection of the "Borrowing" Rule*

■ In the instant case, the trial court rejected the concept of borrowing periods of limitation to determine whether the burden of proof on the issue

---

[6]*Brown* involved a disciplinary action against a professor teaching in the California State University system. The reviewing court determined there was a statute of limitations governing disciplinary actions against other public employees which could be "borrowed" for that case, and held that "unless excused, a delay in the initiation [of the administrative action against the professor] for more than [the borrowed period of time] is unreasonable as a matter of law." (*Brown* v. *State Personnel Bd.*, *supra*, 166 Cal.App.3d at p. 1160.) The court found the administrative agency had failed to meet its burden of proving that its delay in bringing a disciplinary action against the employee was not unreasonable and was not prejudicial to him.

[7]This burden-shifting analysis has been rejected in situations where the administrative action is of a disciplinary nature involving a professional license. (See *Green* v. *Board of Dental Examiners* (1996) 47 Cal.App.4th 786, 795 [55 Cal.Rptr.2d 140] and cases cited therein.)

of laches should be shifted to the Department. The court ruled that "statutes of limitation have nothing to do with time limits for taking administrative action of the type involved in this case." However, we disagree. There are several statutes of limitation in the Code of Civil Procedure which are clearly applicable to the facts of this case. They are section 337, which provides for a four-year statute of limitations on a book account; section 338, subdivision (a), which provides for a three-year statute of limitations for "[a]n action upon a liability created by statute, other than a penalty or forfeiture"; and section 338, subdivision (d), which provides for a three-year statute of limitations for actions "for relief on the ground of fraud or mistake."

On appeal, the Department argues that Hospital is attempting to "back-door" what the court in *Little Company of Mary Hospital* v. *Belshé, supra,* 53 Cal.App.4th 325 said cannot be done—apply a statute of limitations to an administrative action. (See fn. 3, *ante.*) However, transferring the burden of proof on a claim of laches when there is an analogous statute of limitations is not the same thing as applying a statute of limitations to a given set of facts. In the latter situation, application of the statute of limitations bars the claim completely. In the former situation, recognition of an analogous statute of limitations simply shifts the burden of proof from the party asserting laches to the party arguing against application of the doctrine of laches. Thus, shifting the burden of proof in the instant case would not, in and of itself, preclude the Department from obtaining an additional recoupment from Hospital. Rather, it would be the Department's inability to present facts excusing its delay in revising its final reimbursement settlements, and its inability to overcome the presumption of prejudice to Hospital, which would work such a result. Thus, we hold that when the Department seeks to *revise* its *final* reimbursement settlements, the borrowing rule for periods of limitation should be applied by ALJ's in administrative hearings on such revisions, if factually appropriate.[8]

### 4. *The Matter of Prejudice*

As noted in footnote 3, *ante,* the *Kennedy Medical Center* court rejected the argument that when there is a long delay by the Department in reaching a final reimbursement settlement for a fiscal year, it is harmful to a hospital because the hospital's uncertainty as to large contingent Medi-Cal claims

---

[8]Because this case involves *revised* final reimbursement settlements, our decision should not be construed to mean that statutory periods of limitation may be borrowed when a hospital claims that the doctrine of laches should be applied to a delay by the Department in rendering an *original* final reimbursement settlement.

interferes with the financial planning which is necessary for a successful business operation. The court said that problem is one for the Legislature to remedy. (*Kennedy Medical Center*, *supra*, 13 Cal.4th at p. 760.) It is also true the Supreme Court observed that when there is a delay in a final reimbursement settlement, the usual result is that the hospital owes the Department money, not vice versa, and therefore the hospital has had the use of interest-free government funds during that delay. (*Id.* at pp. 759-760.) However, in the instant case, there *were* final reimbursement settlements at the time the Department informed Hospital it wanted to recoup reimbursement money. Indeed, two of those final reimbursement settlements were more than nine years old.

At some point, there must be finality to the Department's "final" reimbursement settlements. Otherwise, a hospital's financial planning and rational allocation of its resources will simply be impossible. Such a result is neither fair nor socially desirable. These considerations provide additional support for a rule that shifts the laches burden of proof to the Department when its own delay in *revising* a previously submitted "final reimbursement settlement" exceeds an analogous statute of limitations period. Additionally, a hospital's final reimbursement settlement depends on matters that factor into its allowable peer group rate, and that rate is derived from information to which a hospital does not have access (i.e., the financial records of the other hospitals in its peer group). Therefore, the Department, not the hospital, will always have better, if not exclusive, access to information respecting the question whether the challenged administrative delay in issuing a revised final reimbursement settlement is excusable.

## DISPOSITION

The judgment is reversed and the matter is remanded to the trial court with directions to remand the case to the administrative law judge with directions to vacate her decision of February 24, 1997, as approved by the Board on March 11, 1997, and to conduct further proceedings consistent with the views expressed herein. Costs on appeal to Hospital.

Kitching, J., and Aldrich, J., concurred.