Filed 8/15/23  Cal. Regional Water Quality Control etc. v. Balcom Ranch CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| CALIFORNIA REGIONAL WATER QUALITY CONTROL BOARD OF LOS ANGELES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>BALCOM RANCH,<br><br>Defendant and Appellant. | 2d Civil No. B311434<br>(Super. Ct. No. 56-2017-00505151-CU-JR-VTA)<br>(Ventura County) |

Balcom Ranch, a general partnership, appeals the judgment and order requiring it to pay $167,400 in attorneys fees to the California Regional Water Quality Control Board of Los Angeles (the Water Board) after appellant was found in contempt for failing to comply with a subpoena issued by the Water Board. Appellant contends the Water Board is not entitled to recover its fees because it did not prevail in their dispute regarding a protective order, because the Water Board, through inaction, abandoned and voluntarily dismissed the administrative

proceeding, because there is no statutory basis for a fee award and because awarding fees would be inequitable.  Each of these contentions is without merit. We affirm.

*Facts and Procedural History*

The Water Board assessed an administrative civil liability (ACL) penalty of $193,850 against appellant in 2011 because appellant failed to timely comply with requirements for testing wastewater discharge from its irrigated commercial agriculture operations.  Appellant filed a petition for writ of mandate, contending the penalty was excessive and violated its due process rights because the Water Board did not give enough consideration to its ability to pay the penalty and remain in business.  In June 2015, the trial court vacated the penalty and remanded the matter to the Water Board to hold an administrative hearing at which it would reconsider appellant's ability to pay a civil penalty.

In April 2016, the Water Board's prosecution team issued a revised ACL recommending a penalty of $51,045.  It later issued a subpoena duces tecum to appellant and three of its partners requiring the production of financial records, the partnership agreement and related organizational documents, and documents related to property owned by the partnership.  Appellant objected to the subpoena on several procedural grounds and declined to produce responsive documents without a protective order.

Negotiations over the terms of that order were not successful.  In October 2016, the Water Board's hearing panel overruled most of appellant's objections to the subpoena but granted its motion to quash the production of tax returns.  The hearing panel rejected the proposed protective order and directed appellant to produce responsive documents by November 2016.

Appellant failed to produce any documents in response to the Water Board's order. About five months later, the Water Board's hearing panel found appellant in contempt based on its refusal to comply with the subpoena.

The Water Board filed the instant action to confirm and enforce its contempt citation in April 2017. Appellant responded, arguing in the trial court that it would produce some of the responsive documents subject to a protective order. In July 2018, 16 months after the Water Board issued its contempt citation, the trial court entered a tentative order overruling appellant's objections to the subpoena and confirming the contempt citation. The trial court encouraged the parties to continue negotiations over a protective order.

In February 2019, seven months after its tentative ruling, the trial court entered an order confirming the contempt citation. This order found that the Water Board's subpoena was "authorized, lawful and valid," that its order denying a protective order was "lawful and valid" and that appellant had no "substantial justification" for its refusal to comply with the subpoena. It further found that appellant's refusal to comply with the subpoena "constitutes contempt." Because appellant was "guilty of contempt," the trial court ordered its general partner Mark Brown imprisoned until appellant produced responsive documents. It further ordered appellant to pay a $1,000 fine and to pay the Water Board's "reasonable attorney's fees and costs incurred in connection with this contempt proceeding."

About two months later, the trial court entered a protective order submitted by the Water Board. In March and July 2019, appellant produced some responsive documents and filed written

responses to the subpoena.  In its responses, appellant stated it did not possess many of the requested documents, including a written partnership agreement or any documents relating to the partners' rights and responsibilities.  Appellant and its general partners also refused to submit affidavits, required by the subpoena, attesting that they had produced all responsive documents in their possession.  At a status conference in June 2019, the trial court concluded appellant had substantially complied with the subpoena.  It also ordered appellant and its partners to provide the requested affidavits.

The Water Board filed a motion to set the amount of its attorney fee award in August 2020.  In December, the trial court awarded the Water Board fees of $167,400.  Notice of entry of judgment was served in May 2021 confirming that appellant was guilty of contempt and was required to pay $167,400 in attorney fees to the Water Board and a $1,000 fine.

*Standard of Review*

We review the award of attorney's fees for abuse of discretion.  (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095; *Collins v. City of Los Angeles* (2012) 205 Cal.App.4th 140, 152–153.)  As our Supreme Court has explained, the trial court is in the best position to judge the value of legal services rendered in the courtroom and its judgment regarding those services will not be disturbed unless we, as the reviewing court, are convinced that it was clearly wrong.  (*PLCM Group, Inc., supra,* at p. 1095, quoting *Serrano v. Priest* (1977) 20 Cal.3d 25, 49.)  "An abuse of discretion occurs if, in light of the applicable law and considering all of the relevant circumstances, the court's decision exceeds the bounds of reason and results in a miscarriage of justice. . . .  We presume that the court properly applied the law and acted within

4

its discretion unless the appellant affirmatively shows otherwise. [Citations.]" (*Mejia v. City of Los Angeles* (2007) 156 Cal.App.4th 151, 158.)

*Discussion*

Water Board as Prevailing Party. Appellant contends it declined to produce documents in response to the subpoena because the Water Board refused, without any valid basis, to agree to a protective order. The trial court eventually entered one covering documents appellant designated as confidential. Appellant contends the Water Board is not entitled to recover its attorney fees because it did not prevent entry of the protective order.

Appellant waived review of this issue when it failed to seek timely review of the February 2019 contempt order. The questions of whether the Water Board had a valid basis to deny a protective order or whether its contempt citation should be enforced were conclusively decided by the trial court in its February 2019 order. The trial court ordered appellant to pay the Water Board's attorney's fees because it found appellant's refusal, "without substantial justification" to comply with the Water Board's "authorized, lawful and valid" subpoena constituted contempt.

This order is "final and conclusive." (Code Civ. Proc., § 1222.) It is not appealable, but could have been reviewed by a timely petition for writ of mandate or certiorari. (*People v. Gonzales* (1996) 12 Cal.4th 804, 816; *Imuta v. Nakano* (1991) 233 Cal.App.3d 1570, 1584, fn. 18.) Appellant did not file a timely writ petition and no extraordinary circumstances exist to excuse the delay. (*Black Diamond Asphalt, Inc. v. Superior Court* (2003) 114 Cal.App.4th 109, 114; *Volkswagen of America, Inc. v.*

5

*Superior Court* (2001) 94 Cal.App.4th 694, 701.) Consequently, appellant forfeited review of question whether the Water Board is entitled to recover its attorney's fees and costs. (*Grant v. List & Lathrop* (1992) 2 Cal.App.4th 993, 997.)

Statutory Basis for Fee Order. Appellant contends there is no statutory basis for the order directing it to pay the Water Board's attorney fees. It is mistaken. First, we note appellant forfeited appellate review of this issue because it did not challenge the statutory basis for the fee award in the trial court. (*Hewlett-Packard Co. v. Oracle Corp.* (2021) 65 Cal.App.5th 506, 548.) Had the issue been preserved for review, however, we would reject it. The fee award is authorized by Government Code section 11455.20 and Code of Civil Procedure section 1218.

When the Water Board's hearing panel found appellant in contempt, it followed the enforcement procedure provided in Government Code section 11455.20. It forwarded the contempt citation and its certification of the facts justifying the citation to the trial court. The trial court issued an order to show cause why appellant "should not be punished for contempt." (*Id.*, subd. (a).) When the order to show cause and the Water Board's certification of facts were served on appellant, the trial court had jurisdiction over the matter. (*Ibid.*) At that point, "The same proceedings shall be had, the same penalties may be imposed, and the person charged may purge the contempt in the same way, as in the case of a person who has committed a contempt in the trial of a civil action before a superior court." (*Id.*, subd. (b).) In other words, once the trial court served its order to show cause, it conducted the contempt proceeding as it would any other direct contempt. (*Parris v. Zolin* (1996) 12 Cal.4th 839, 850.)

Code of Civil Procedure section 1218, subdivision (a) provides that the punishment for contempt is a fine of up to $1,000, imprisonment for up to five days, or both. "In addition, a person who is subject to a court order as a party to the action . . . may be ordered to pay to the party initiating the contempt proceeding the reasonable attorney's fees and costs incurred by this party in connection with the contempt proceeding." (*Ibid*.) Government Code section 11455.20, subdivision (b) empowers the superior court to impose the same penalties for contempt "as in the case of a person who has committed a contempt in the trial of a civil action before a superior court." Here, the trial court followed that directive when it relied on Code of Civil Procedure section 1218 to order the payment of attorney's fees and costs.

Abandonment of Administrative Proceeding. Appellant contends the Water Board is not entitled to recover its fees because it pursued the contempt citation long after it abandoned the revised ACL and the effort to assess a penalty against appellant for its initial refusal to comply with the waste water discharge requirements. This contention is based on the Water Board's listing appellant on its agenda for two closed session meetings held in April and July, 2019. The record, however, contains no evidence as to what occurred during these closed session meetings, as they are confidential. We do not know what, if anything, occurred in the closed sessions. As a consequence, we cannot conclude the Water Board decided during one or both of those sessions to abandon the revised ACL.

The Water Board's failure to hold a prompt hearing on the revised ACL is also not evidence that it abandoned the matter because the delay was occasioned by appellant. At appellant's insistence, the trial court's June 2015 order required the Water

7

Board on remand to consider appellant's financial condition and ability to pay before assessing a penalty against it. Appellant then refused to provide the Water Board with any evidence regarding its financial condition. Even after the trial court determined the subpoena was proper and enforceable, appellant refused to produce responsive documents or the required affidavits. Appellant also sought and obtained from the trial court numerous continuances and opportunities for further briefing, delaying an administrative hearing even longer. Appellant, not the Water Board, prevented a prompt hearing on the revised ACL.

Code of Civil Procedure section 583.320. Appellant contends the revised ACL is time barred because the Water Board did not hold a hearing on it within three years after the trial court's remand. Code of Civil Procedure section 583.320 provides that, if a new trial is granted "in the action" and no appeal is taken, "the action shall again be brought to trial . . . within three years after the order granting the new trial is entered." (*Id*., subd. (a)(2).) But the proceeding on the revised ACL is an administrative proceeding, not an "action," within the meaning of section 583.320. (Code Civ. Proc., § 22 [action defined as "an ordinary proceeding in a court of justice"].) Similarly, the trial court's order remanded the matter for the Water Board's further consideration of the penalty to be assessed. It did not order a new trial. The three-year mandatory dismissal rule does not apply.

Timeliness of Motion to Set Attorney's Fees. Appellant contends the motion to set attorney's fees was not timely because it was not filed within 180 days of the February 2019 contempt order. (Cal. Rules of Court, rule 3.1702 (b)(1).) Rule 3.1702,

subdivision (b)(1) provides, "A notice of motion to claim attorney's fees for services up to and including the rendition of judgment in the trial court . . . must be served and filed within the time for filing a notice of appeal under [Cal. Rules of Court,] rules 8.104 and 8.108 . . . ." Rule 8.104 sets the time limit for filing an appeal based on entry of judgment. These rules do not apply to the Water Board's motion to set its attorney's fees because judgment had not yet been entered in that proceeding. (*Carpenter v. Jack in the Box Corp.* (2007) 151 Cal.App.4th 454, 466-468.)

Laches. Appellant contends the doctrine of laches bars the fee award because the Water Board prolonged the dispute by continuing to raise unfounded objections to entry of a protective order. "Laches is an equitable principle that bars certain claims or proceedings based on a combination of unreasonable delay in pursuing the claims and prejudice based on that delay." (*Malaga County Water Dist. v. State Water Resources Control Board* (2020) 58 Cal.App.5th 447, 462-463 (*Malaga County Water*).) In appropriate circumstances, "'the defense of laches may operate as a bar to a claim by a public administrative agency . . . *if the requirements of unreasonable delay and resulting prejudice are met.*'" (*Fountain Valley Regional Hospital & Medical Center v. Bonta* (1999) 75 Cal.App.4th 316, 323.) "Notably, 'delay alone does not constitute laches because "[t]he policy of this state with respect to lapse of time is [separately] embodied in statutes [of limitation].""" (*Malaga County Water., supra*, at p. 463, quoting *Brown v. State Personnel Board* (1985) 166 Cal.App.3d 1151, 1159.)

Appellant is not entitled to claim laches because, as we have already discussed, it is primarily responsible for any delay. The Water Board may have delayed drafting a suitable protective

9

order.  Appellant, however, is the party that insisted the Water Board consider its present financial condition and ability to pay before assessing a penalty on the revised ACL.  Then, appellant refused, for more than three years, to produce the very records that would document its present ability to pay.  And all of this was occasioned by appellant's refusal to comply with requirements brought to its attention in January 2007.  Appellant justified its dilatory conduct based on questionable procedural and constitutional objections to the subpoena.  (See, e.g., *420 Caregivers, LLC v. City of Los Angeles* (2012) 219 Cal.App.4th 1316, 1346-1348 [privacy rights not absolute and "it is not entirely clear to what extent legal entities *other than people* . . . may assert their own privacy rights"]; *Association for Los Angeles Deputy Sheriffs v. Los Angeles Times Communications LLC* (2015) 239 Cal.App.4th 808, 821 [right of privacy "'is a purely personal one'"].)  Even after the trial court overruled those objections, appellant failed to seek timely writ review and delayed more than six months before achieving "substantial compliance" with the subpoena.  This delay, while unreasonable, is not attributable to the Water Board.

Additionally, although appellant has complained the Water Board's motion to set the fee award was untimely, it never asserted that it was prejudiced by the delay.  There is no claim that memories have faded, that witnesses have disappeared, that documents have been destroyed, or that the 10-month delay between the February 2019 contempt order and the August 27, 2020 motion to set the fee award somehow impaired appellant's ability to defend itself.  Delay alone does not constitute laches. (*Malaga County Water, supra,* 58 Cal.App.5th at p. 463.)

10

Appellant may not avoid its liability for the Water Board's attorney's fees and costs by asserting laches.

*Conclusion*

The judgment is affirmed.  Costs on appeal to respondent.

<u>NOT TO BE PUBLISHED.</u>


YEGAN, J.

We concur:


GILBERT, P. J.


BALTODANO, J.


11

Ronda J. McKaig, Judge

Superior Court County of Ventura

_____

Niddrie, Addams, Fuller, Singh and Rupa G. Singh; Leech, Tishman, Fuscaldo & Lampl and Fadi K. Rasheed, for Defendant and Appellant.

Rob Bonta, Attorney General, Robert W. Byrne, Assistant Attorney General, Eric M. Katz, Supervising Deputy Attorney General, Carol A.Z. Boyd, Deputy Attorney General, for Plaintiff and Respondent.